### GEAR GRINDING MACH. CO. v. STUDEBAKER CORPORATION.

(Circuit Court of Appeals, Sixth Circuit. February 19, 1921.)

No. 3292.

1. **Patents** ⊜328—1,104,589, for gear grinding machine, valid and infringed.
   The Ward & Taylor patent, No. 1,104,589, for a gear grinding machine, *held* to disclose invention not invalid for double patenting or abandonment, and infringed by one of defendant's practices.

2. **Patents** ⊜328—1,155,532, for trimming mechanism for shaft grinding machines, valid and infringed.
   The Ward patent, No. 1,155,532, for trimming mechanism for grinder wheels of shaft grinding machines, *held* valid and infringed.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by the Gear Grinding Machine Company against the Studebaker Corporation. Decree for defendant, and complainant appeals. Reversed.

D. A. Usina, of New York City, and Melville Church, of Washington, D. C. (Whittemore, Hulbert & Whittemore, of Detroit, Mich., on the brief), for appellant.

Edward Rector, of Chicago, Ill. (F. P. Fish, J. L. Stackpole, and R. A. Brannigan, all of New York City, on the brief), for appellee.

Before KNAPPEN, DENISON, and WARRINGTON, Circuit Judges.

PER CURIAM. Suit brought by appellant for infringement of the Ward & Taylor patent, No. 1,104,589, of July 21, 1914, for a "gear grinding machine," and patent to Ward, No. 1,155,532, of October 5, 1915, for "trimming mechanism for grinder wheels of shaft grinding machine." The District Court held both patents invalid, so far as sued upon. We think it advisable to dispose of this case upon a brief statement of our conclusions and, as to most of them, only summary reasons therefor, but without the elaboration which in some respects the case would otherwise justify.

[1] 1. The Ward & Taylor patent involved invention. Looking backward, their advance seems a short step and one which might have been within the limits of mere skill; but they accomplished a new result, in a fair sense of that word, and, practically speaking, created a new method of manufacturing gears of precision. The need was of long standing, but all former attempts to grind such gears had failed commercially. Those skilled in the art generally thought it could not be done along the lines upon which Ward & Taylor succeeded. Their method has received very large public acceptance and approval. Such a patent ought not to be stricken down, unless in a clearer case of noninvention than is shown here.

2. The Ward & Taylor patent in suit is not invalid because of double patenting, as compared with the older Ward & Taylor patent. This is because the two are not for the same invention. We reach this result in view of our own decisions upon this subject, the recognized Patent Office practice thereon, its careful consideration in this case by the Patent Office, and the absence of any controlling decision by the Supreme Court which we think to the contrary. On its facts, the case is unique. Neither patent is wholly generic, or wholly specific, as to the other. Each partially has both characters. The two belong, conventionally, in separate classes of machinery, though there is a confusing overlap. Theoretically, the later patent effects no extension of the monopoly term of the earlier, and it is not certain that the claims in suit have that practical result. We are not satisfied to sustain this defense.

3. Considering abandonment as a question of fact, the invention of the patent in suit was not abandoned by what occurred during the prosecution of the earlier patent, nor by the issue of that patent, nor

by the subsequent delay. Such abandonment depends upon intent, actual or imputed. The actual intent did not exist, and the circumstances do not require that the intent be by law imputed, as against the truth.

4. It is not distinctly urged, if at all, by defendant, that the disclosure made by the issue of the earlier patent, in the lack of any then existing application for the subject-matter of the later patent, amounts to a dedication or abandonment in law of all matter which was disclosed and not claimed, and which could not have been claimed, in the earlier patent. It is, to say the least, not clear enough that such dedication exists to justify us in reaching that conclusion in a case where the point has not been argued. It can be considered to better advantage in some cases where counsel earnestly rely upon it, nor do we intend to intimate any opinion thereon.

5. The defendant's first practice, consisting of the use by it of the Bath machines in their original form, was an infringement of claims 3, 7, and 8. The splined shafts which defendant ground are gears in a generic sense, and, even if not, are certainly within the expression "gears or the like." The method of grinding and the object and the results are, in a generic way, the same with the ordinary type of gear, and with these shafts. This breadth of construction of claims 3 and 8 brings them near to having the character of aggregation, as distinguished from a true combination, but we think it does not carry them across the line into invalidity.

6. So far as concerns infringement of these three claims, there is no distinction between defendant's second practice, continued until shortly before the bill was filed, and its third practice then adopted. In each case the grinding wheel was dismounted from its working position, taken to another location, there mounted and trimmed, then dismounted and returned to its grinding position, and mounted again. Defendant then and thereby ceased to use the combination "in a machine for grinding gears" of "the grinding wheel" and "the work-holding mechanism" and "trimming means co-operating with the grinding wheel." The grinder wheel was not trimmed "while thus mounted" as a part of the grinding machine. Defendant's successive mountings and operations departed from the employment of that organized unit, the existence and operation of which were advanced as the reason for persuading that the application covered a true combination, and not an aggregation of separable machines. We do not overlook the fact that the defendant has accomplished this achievement by taking two machines, which, so far as their construction goes, infringe, and by doing part of the work on one, and part of the work on another, in each case letting part of the mechanism remain inactive; but it is the patentees' necessary dependence upon the co-operation of all the elements in one machine in order to make the claims valid that also makes this achievement possible. We cannot say that the difference between the two methods of operation is so negligible as to demonstrate the absence of patentability. It follows that the Ward & Taylor claims in suit are not infringed by defendant's second and third practices.

[2] 7. The Ward shaft grinding patent is fairly to be regarded as a relatively specific improvement upon the relatively generic Ward & Taylor patent, and, so considered, it involves invention and is valid as compared with that patent. Ward devised a grinding wheel suitable for a much longer pass than upon the ordinary gear, of a form specially adapted to shape accurately the bottom rather than the sides of the indentations, and of a form never before used and difficult to maintain, and conceived a trimming device which would semiauto· matically maintain or restore that peculiar form. The adaptation of the Ward & Taylor idea to the shaft grinder indicates inventive thought.

8. There ·was also invention in this patent when compared with the other existing art, although here again the failure of the former art to produce anything that was quite right, and the fact that splined shafts never had been simultaneously ground upon bottom and sides, and that experts thought it could not be done, and the fact of later general public acceptance, all co-operate to induce a conclusion which without them would be doubtful. As to claim 7 the severest test of invention is found by saying that Ward took the trimmer of the Brown & Sharpe worm grinding machine (which, though its use was secret, seems to be a reduction to practice antedating Ward) and substituted for the face trimming diamond reciprocating in the same plane a trimmer dia- mond reciprocating in an arc a form known in other trimmers. This does not necessarily negative invention in Ward's new combination. It is distinctly simpler than the worm grinder trimmer, which con- templated simultaneous action upon the three edges, and secured the necessary relative length of stroke by properly proportioning racks and pinions. Ward avoided these complications by grouping three succes- sively operated trimming points. He made a device adapted to pro- duce a form of wheel which was itself new. Substituting the concave arc produced new and serious difficulties, and to maintain the sharper corners was not before thought feasible. The whole claim structure was incidental to the production of a specifically new thing—a wheel for grinding splined shafts—and this thought is expressed in this claim.

It is of importance against defendant, although we do not rest upon that point, that defendant's vendor, from whom it purchased the in- fringing machine, engaged in a long contest in the Patent Office with Ward over priority of invention, and was beaten, and the patent office, on several appeals, sustained the patentability of what Ward had done, and did this even as against public use proceedings. If the result of the interference had been the other way, the defendant would now be enjoying ·the same monopoly which it is now resisting.

9. The Driggs-Seabury prior use defense is not sufficiently proved. Ward was the first to conceive, and he proceeded with fair diligence to reduce to practice and to apply for this patent. In the meantime the Driggs-Seabury use developed by it was not carried beyond the ex- perimental state—commercially speaking—and was abandoned.

10. The infringement of all the claims of the Ward patent sued upon by the Bath machines in their original form is conceded. All these claims were in interference and they were all predicated upon the Bath

machine. Defendant's second practice infringed claim 7, which is devoted, as it rightly may be, to the trimming mechanism alone, segregated from a complete machine, and capable of more or less independent use in performing one of the steps of the complete operation. Claims 10, 13, and 14, we think, call for the combination of the working and the trimming parts in one unit, and this combination is broken when part of the work is done upon one machine and part on another. The question of infringement is substantially the same as with reference to claims 3 and 8 of the other patent.

When we come to the defendant's third practice, it is clear that for the same reason claims 10, 13, and 14 are not infringed. Then we have only claim 7 to consider. While it is true that the margin of invention between the prior art and this claim is close, it does not follow that, when once invention is found, the claim should be denied a reasonable scope of equivalency. What Ward invented was a trimming mechanism which would semiautomatically restore the peculiar predetermined shape of this wheel upon three edges—the face and two bevels—and he has not inserted in his claim terms of limitation which prevent preserving this invention. Defendant says it has not the "divergent edge trimmers," and also says that it is using only the old Brown & Sharpe radial grinder without substantial change. If this latter allegation were accurate, it would, of course, be a good answer; but it is not. The Brown & Sharpe device was capable of doing the work which Ward's device would do, provided it was handled with sufficient care by a sufficiently skilled workman; but it called constantly for his trained eye and hand. The Ward device was so set, and for the time being adjusted, that its operation was practically automatic, and that it could be manipulated by an ordinary workman, and would not go wrong unless he interfered with the adjustment.

In order to accomplish, in a substantial degree, this result, defendant has added to the Brown & Sharpe device two stops for adjustment to and from the grinder wheel, whereby, when one is employed, the predetermined arc radius for the concave face trimmer is given, and, when the other is employed, a proper distance for the diagonal edge trimming is secured. It has also added two stops, one of which insures the proper angle for trimming one edge, and the other of which, when used, makes certain a proper corresponding angle for trimming the other edge. It has also removed the opposing set screws from the secondary slide, which were intended to prevent free reciprocation of that slide and to permit only accurate adjustment and firm setting, and thereby it has enabled the secondary slide to be used for trimming a plane surface, when the Brown & Sharpe device would trim nothing but an arc. These modifications make the trimmer semiautomatic, and demonstrate that the defendant has been instructed by Ward in its scheme of changes of the old device, and also tend strongly to support the conclusion that Ward made an invention in the subject-matter of this claim.

It is true that the claim calls for a concave face trimmer and "divergent edge trimmers," and its draftsman doubtless had in mind that there would be three trimmers in existence at the same time, while the

defendant uses the same trimmer first for the face, then for one edge, then for the other; but there is no essential difference in operation. Ward used first the concave trimmer, and then one edge trimmer and then the other. Only one was in operation at a given time. It is a small step from this to a device which has only one trimmer, but has slides and stops so adjusted and fixed that it will go first to one position, and then to the second, and then to the third, without intelligent guiding. The circumstances do not require a literalness of construction which would make defendant's device a successful avoidance of claim 7.

The decree is reversed, and the case remanded for further proceedings in accordance with this opinion.