## GEAR GRINDING MACHINE CO. v. REO MOTOR CAR CO.

District Court, E. D. Michigan, S. D. July 15, 1927.

No. 448.

1. Patents ⊜328—1,104,589, claims 3, 7, and 8, and 1,155,532, for gear grinding machine and trimmer therefor, claims 7, 10, 13, and 14, held infringed.

Ward and Taylor patent, No. 1,104,589, for gear grinding machine, claims 3, 7, and 8, and Ward patent, No. 1,155,532, for trimming mechanism for grinder wheels of shaft grinding machines, claims 7, 10, 13, and 14, held infringed by certain practices of defendant, and not by others.

2. Patents ⊜328—1,271,495, claims 3 and 5, and 1,273,016, for splined shaft and method of grinding same, held void for want of invention.

The Ward patents, No. 1,271,495, for method of grinding spline shafts, claims 3 and 5, and No. 1,273,016, for a splined shaft, held void for want of novelty and invention, and for anticipation.

In Equity. Suit by the Gear Grinding Machine Company against the Reo Motor Car Company. Decree for complainant in part.

Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich. (Melville Church, of Washington, D. C., and D. Anthony Usina, of New York City, of counsel), for plaintiff.

Walter S. Foster, of Lansing, Mich. (Frederick P. Fish, J. Lewis Stackpole, and H. L. Kirkpatrick, all of Boston, Mass., of counsel), for defendant.

SIMONS, District Judge. The action is for infringement of four patents now owned by the plaintiff. In view of previous litigation involving some of the patents, and the relation of the patents to each other, it becomes important to identify the patents, not only by number, but by the dates of the applications and grants.

The first patent in suit is No. 1,104,589, for a gear grinding machine, patented July 21, 1914, on the application of Ward and Taylor, filed October 15, 1909; the second is No. 1,155,532, for trimming mechanism for grinder wheels of shaft grinding ma-

chines, granted to F. A. Ward, October 5, 1915, upon application filed August 13, 1912; the third is No. 1,271,495, for a method of grinding spline shafts and other interrupted cylindrical bodies, patented July 2, 1918, upon the application of F. A. Ward, filed August 13, 1912; the fourth is No. 1,273,016, for a splined shaft, patented July 16, 1918, upon the application of F. A. Ward, filed May 7, 1918.

The first two patents enumerated were in litigation in this court, and subsequently in the Circuit Court of Appeals for the Sixth Circuit, in the case of Gear Grinding Machine Co. v. Studebaker Corporation, 270 F. 934. The two patents were there held valid and infringed. The third and fourth patents were not granted until after the bill was filed in the Studebaker Case, and so were not there considered, at least in respect to their validity or their infringement by the several practices of the defendant in the Studebaker Case. For the sake of brevity, the first patent will be herein referred to as the "machine patent," the second as the "trimming wheel patent," the third as the "method patent," and the fourth as the "product patent." In so far as the machine patent and the trimming wheel patent were sustained in the Studebaker Case, the validity of the claims passed upon in that case will not be here considered. There remains only in respect to these patents a consideration of the practices of the defendant, and a determination by this court as to whether such practices, in the light of the discussion in the Studebaker Case, and of the evidence in this case, infringed the claims of the patent.

In view of the fact that this court is bound by the decision of the Circuit Court of Appeals in the Studebaker Case as to the validity of the machine patent and the grinding wheel trimming mechanism patent, and in view of the fact that neither the method patent nor the product patent were before the Circuit Court of Appeals in the Studebaker Case for decision·upon their validity, and in view also of the fact that when the Circuit Court of Appeals found that Ward and Taylor had created "a new method of manufacturing gears of precision," and that "spline shafts were within the expression gears or the like," and that "Ward and Taylor created a new method of manufacturing gears and spline shafts of precision," it is obvious that the court could only have had in mind such method as involved the use of the devices covered by the first and second patents—that is, the gear grinding machine with W-shaped wheels, and the Ward

trimming mechanism—it becomes unnecessary either to discuss or to decide the question of estoppel raised by the plaintiff, as arising out of the circumstance that the Studebaker Case was defended by the Automobile Chamber of Commerce, of which the defendant was a member. I pass on, therefore, to the defendant's practices, in order to determine whether they infringe the claims of the first and second patents.

[1] The defendant's first practice consisted in the grinding of its spline shafts on a machine in which the shaft was mounted in index centers, and was ground by a W-shaped wheel, which was trimmed by three separate trimmers mounted on the grinding machine. This practice began in January, 1914, and continued to May 23, 1916. It is conceded that under the holdings of the Studebaker Case this practice was infringement, but inasmuch as the statutory period of recovery commences six years before the filing of the bill of complaint—that is, January 21, 1916 —I must hold that the defendant's first practice infringed claims 3, 7, and 8 of the machine patent, and claims 7, 10, 13, and 14 of the trimming wheel mechanism patent, for the period beginning January 21, 1916, and ending May 23, 1916. Defendant's second practice began May 23, 1916, and continued to August 4, 1916. It involved the use of the same grinding machine, and the same W-shaped wheels as in the first practice, but a different arrangement of trimmers. It is conceded that this practice likewise infringed upon the claims of the first two patents in suit, and it is held to infringe.

Defendant's third practice, from August 4, 1916, to September 21, 1921, was the use of two grinding machines, one to grind the sides of the splines, the other to grind the barrel portions of the shafts, neither machine using the W-shaped grinding wheel. Upon each machine was mounted a trimming mechanism to keep the wheel to its required shape and exactness. Making the same application of the doctrine of equivalents as was made in the Studebaker Case, when the court therein considered whether or not there was infringement in the substitution of one trimmer by the Studebaker Company for the three trimmers disclosed in the patent, it would seem that, considering the defendant's two machines together with their respective trimming mechanisms, we have in each machine a combination of trimming and grinding instrumentality, and that there is in the defendant's third practice obvious infringement of the claims of the first and second patents in suit. In the defendant's fourth

practice it separated the grinding operations and the trimming operations in each of its two machines. It is conceded that this practice, under the holdings of the Studebaker Case, does not constitute infringement, and infringement will not be found in the defendant's fourth practice.

[2] The plaintiff's third patent in suit is the method patent. It has not been previously before this court. The claims sued upon are claims 3 and 5, and the validity of the patent, in so far as sued upon, is challenged for want of patentable novelty, and because of anticipation in the prior art. Claim 3 describes a method of producing a shaft which consists in forming the same of hardened steel, with projecting splines and intermediate grooves between the splines, leaving stock for grinding throughout the splined portion, and grinding with a formed wheel bearing faces on the bottom of said grooves throughout their length and width, and symmetrically with reference to the axis of the shaft. Claim 5 describes a method of producing a splined shaft somewhat more limited in scope, but almost identical with the method disclosed in claim 3. The grinding art being old, the steel-hardening process being old, and grinding having been done both on flat and cylindrical surfaces with a rotary grinder, and longitudinally on curved surfaces with a concave wheel, and it being an old practice in all arts where cutting, milling, or grinding is to be done to leave surplus stock for such operations, it follows that these claims describe a combination process, in which all of the elements of the combination are old. Whether it is a true combination, indicating inventive thought, is the issue presented.

In my opinion no such inventive thought is indicated when the method described in claims 3 and 5 is divorced from the use of the peculiarly shaped grinding wheel disclosed in the Ward and Taylor patent first enumerated, and in the Ward patent for the grinding machine and trimmer, and when there is absent from the disclosed method the grinding by means of such wheel simultaneously of the cylindrical barrel and the straight sides of the splines. The court in the Studebaker Case, in holding valid the claims of the first two patents in suit, was compelled to rely upon the fact that splined shafts never had been simultaneously ground upon bottom and sides, and also upon the fact of the public acceptance of such simultaneous grinding. These circumstances, in the opinion of the court, co-operated to induce a conclusion which without them would

be doubtful. If claims 3 and 5 of the method patent are so narrowly construed as to cover only the method of grinding simultaneously the barrel of the shaft and the sides of the splines with a W-shaped wheel, such method was anticipated by the prior patents, and if they are to be construed broadly to cover all grinding with whatever kind of machine, by whatever method, the claims are too broad, and cannot be sustained.

Whatever has been said as to the method patent, in so far as it is sued upon, it seems to me is equally applicable to the fourth, or product, patent. Splined shafts were not new. The hardening of them was not new. The leaving of surplus stock upon any surface to be cut, milled, or ground seems elementary, and not to involve invention. The combination of these elements partake rather of the character of aggregation than of a true combination. I fail to see any invention, considering the history of the art, in the conception of the splined shaft as disclosed by the product patent. The claims sued upon are invalid. Could I conceive of any inventive thought or novelty in such shaft, clearly they were anticipated by the navy yard guages, and the Brown and Sharp guages, which were made of hardened steel and ground. The fact that these guages show some lapping or stoning, in addition to a grinding exerted thereon, does not seem to me to avoid anticipation, nor does the fact that they were products of a different art negative anticipation. Their character is so analogous to the splined shaft that, once such guages are disclosed, their analogy to the splined shaft claimed to have been conceived by the inventor Ward must be perfectly obvious.

My conclusion is that claims 3, 7, and 8 of the first patent are infringed by the first three practices of the defendant, that claims 7, 10, 13, and 14 of the second patent are infringed by the defendant's first practice, and that claims 10 and 14 of that patent are infringed by defendant's third practice; that none of the claims of the first two patents are infringed by defendant's fourth practice; that claims 3 and 5 of the third patent are void for want of novelty and invention, and because of anticipation; and that all of the claims of the plaintiff's fourth patent are likewise void. A decree may be entered in conformity with this opinion, and reference had to a master to determine the damages and profits to which the plaintiff may be entitled by reason of such infringements as are herein found.