## GEAR GRINDING MACH. CO. v. REO MOTOR CAR CO.

### No. 5131.

Circuit Court of Appeals, Sixth Circuit.

June 9, 1931.

For former opinion, see 42 F.(2d) 965.

D. Anthony Usina, of New York City (Melville Church, of Washington, D. C., and Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., on the brief), for Gear Grinding Mach. Co.

J. L. Stackpole, of Boston, Mass. (Frederick P. Fish and H. L. Kirkpatrick, both of Boston, Mass., and Walter S. Foster, of Lansing, Mich., on the brief), for Reo Motor Co.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

### PER CURIAM.

The application for rehearing especially asks reconsideration of the alleged anticipation as to the Driggs-Seabury use. We find nothing that was not fully considered in the course of the preparation of the opinion, though it is not exhaustively there discussed. The proof falls short of the necessary certainty in detail; and, while it is true that the claim involved in the former suit differed from the claim now under consideration, yet the Driggs-Seabury use, if it had been sufficiently proved and had not been experimental, would have anticipated this present claim as well as that; the adjudication that, because experimental, it did not anticipate that claim, is an adjudication that it does not anticipate this one.

We have held this present application in the anticipation that in its disposition of the Wirebounds Patents Case, the Supreme Court might make some decision which would be applicable here. We conclude that it has not done so. Saranac Co. v. Wirebounds Co., 282 U. S. 704, 51 S. Ct. 232, 75 L. Ed. 634. The validity of the method patent there

somewhat involved was not decided. The comment which is made as to that method patent, postdating the product patent which disclosed the method,—whatever force the court may have intended to imply,—is applicable, at most, only to the facts of that case. In the present case, the general method patent and the patent for a machine for practicing that method in one of the numerous ways in which it might be applied, have plainly, we think, the character of relatively generic and specific patents; and it is pointed out in our opinion in the Wirebounds Case that it has long been the settled rule in this circuit, as in others, that where applications were copending the earlier grant of the specific did not invalidate the later grant of the generic. In the Wirebounds Case, the product patent had been practically and commercially efficacious to give a monoply upon the method; in the present case, quite the contrary.

Upon the whole, we are satisfied that the decree in this case should not be disturbed because of anything said in the Supreme Court opinion in the Wirebounds Case.

The rehearing application is denied.