## GEAR GRINDING MACH. CO. v. DETROIT GEAR & MACH. CO.

### No. 454.

District Court, E. D. Michigan, S. D.

Dec. 30, 1931.

Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich. (D. Anthony Usina, of New York City, and Clarence B. Zewadski, of Detroit, Mich., of counsel), for plaintiffs.

Stevenson, Butzel, Eaman & Long, of Detroit, Mich. (George I. Haight and Carlton Hill, both of Chicago, Ill., and Leo W. Kuhn, of Detroit, Mich., of counsel), for defendants.

SIMONS, District Judge.

This is a suit for infringement of four patents covering a shaft used principally in automobile transmissions, and the methods and apparatus for producing it. The patents are: (1) Ward and Taylor patent No. 1,104,-589, July 21, 1914, for a gear grinding machine; (2) Ward patent No. 1,155,532, October 5, 1915, for a trimming mechanism for grinder wheels of shaft grinding machines; (3) Ward patent No. 1,271,495, July 2, 1918, for a method of grinding spline shafts and other interrupted cylindrical bodies; (4) Ward patent No. 1,273,016, July 16, 1918, for a splined shaft.

The defense is invalidity of all four of the patents on the ground of anticipation and prior use, and denial of infringement, except as to one or two of the defendant's practices. This is the third time that the first two patents in suit have been before this court, and the second time that the remaining patents have been considered. The gear grinding machine patent and the trimming mechanism patent, in respect to certain claims, have twice been held valid by the Circuit Court of Appeals of the Sixth circuit. The method patent has also been sustained by the Circuit Court of Appeals in respect to two of its claims. Gear Grinding Machine Company v. Studebaker Corporation, 270 F. 934; Gear Grinding Machine Company v. Reo Motor Car Company, 42 F.(2d) 965. The product patent was also considered by the Court of Appeals in the Reo suit, but it was found unnecessary to pass upon it. Certain alleged anticipations in the Reo Case were again considered by the Court of Appeals upon a petition for rehearing filed therein, and the decision thereon reaffirmed by a denial of the petition. Gear Grinding Machine Company v. Reo Motor Car Company, 50 F.(2d) 412.

The history of the development of the inventive concept embodied in the several patents and the relation of the patents to each other as embodying successive steps in the crystallization of the patentee's ideas are fully discussed in the Reo opinion. Even were it possible for me to add anything to Judge Denison's able analysis, it would at this time seem to be needless to do so. In so far as the claims of the first three patents were held valid in the Studebaker and Reo suits, I consider that I am bound by the decisions therein, except as this record may present

evidence that is new and not merely cumulative, and even upon such new evidence I ought not to depart from the conclusions there reached, unless such evidence is clear and convincing.

■ I have given very little consideration to references in the prior art, which were fully presented to this court in the Reo Case, and which had the careful consideration of the Court of Appeals in its review thereof, aided as it was by able counsel and the testimony of qualified experts. While certain aspects of prior inventions were given a somewhat different emphasis, and were subjected to a more thorough analysis in this than in the prior litigation, I am satisfied that nothing substantial was brought forth that was not in some way or another fully considered before. Of the newly cited patents in the present record, both American and foreign, all that need be said is that not any of them presented a solution to the problem that was before the inventors of the patents in suit. The record in the Reo Case, which by stipulation is here incorporated, contained such a wealth of testimony by practical men in the industry, of the highest reputation for skill and ability, to the effect that the problem before Ward and before Ward and Taylor at the time the inventions were conceived not only awaited a solution, but had seemed well nigh insoluble, that it seems to me to be conclusive that in so far as the first three patents in suit are concerned, they present the result of inventive thought, and are valid. Nor is this conclusion weakened by a consideration of the newly cited publications, or the new prior uses. In the former, suggestions are found of machines to do various kinds of grinding, trimming, and finishing, but nowhere is there any disclosure of any device or organization capable of doing the precision grinding and the accurate reforming of the grinding wheel which is the essence of the inventive concept that led to the first three patents in suit. The two new prior uses, that is, the practice of the Warner Gear Company and the Elgin Watch Company, antedating the patents, are not as convincing as the Driggs-Seabury use, which was held in the prior suit not to be an anticipation. As to the validity of the fourth patent in suit, the product patent, the Court of Appeals having considered that a decision upon it was of no practical importance, inasmuch as no suggestion had been made that the device perfected by it could be manufactured by any other than the patented method, and that its infringement could have no practical effect upon the royalties to be recovered for the infringement of the prior patents, I follow that court in refraining from passing upon its validity, and as to it the bill will be dismissed without prejudice.

■ I come then to the contested issues of infringement. The defendant employed in all six different practices. I am concerned with each of them in respect to certain claims of each of the first three patents in suit. The defendant in its first practice using a machine having a formed grinding wheel, and having upon the machine side trimmers and a concave periphery trimmer for reforming the wheel, and grinding the entire area between the splines, did substantially what was done by the Studebaker in its first practice, and by the Reo in its first and second practices. It is conceded that defendant's first practice infringes the sued upon claims of the first patent in suit. There is absent in the record any very strong showing that this first practice does not also infringe claim 10 of the second patent in suit, which refers to a shaft grinding machine in combination with a rotary grinder wheel and reciprocatory work holder. The method patent is also readable upon the first of the defendant's practices inasmuch as its shaft is formed of hard steel with projecting splines and intermediate grooves between them, and inasmuch as stock for grinding is left throughout the splined portion, and that bearing faces upon the bottom of the grooves throughout their length and width are ground with a formed wheel. I conclude, therefore, that the defendant's first practice infringes the sued upon claims of the first patent, claim 10 of the second patent, and also the third patent in suit.

In the defendant's second practice, the grooves between the splines are ground with a concave wheel, while the sides of the splines are ground with straddle wheels. A straight trimmer for the straddle wheels is mounted on the same machine upon which the straddle wheels grind the sides of the splines. The concave wheel is trimmed by removing the work piece and inserting in its place a bar dresser held between the work centers. This practice is quite similar to the third practice in the Reo Case, which was held to infringe the first patent in suit. It is the contention of the defendant that the elements of the claim of the first patent are not met by its second practice because its grinding is not done by a single wheel, and because the entire groove between the splines is not ground by reason of undercuts being left in the grooves at the splines. Not only is there no such limitation as that contended for found

in the claims of the patent, but a similar contention in respect to one of the Reo practices was repudiated in the Reo Case. Defendant's second practice not only infringes the first patent in suit, but also infringes claim 10 of the second patent. The only distinctions pointed out in respect to claim 10 are that the defendant does not use a single wheel to grind the entire space between the splines, and that the grinding wheel is trimmed by removing the shaft from the work holders and using a bar trimmer which is installed in its place. The bar trimmer, however, is placed in the work centers in the same position occupied by the work shaft when being ground, so that the trimmer becomes automatically mounted in the same relation to the grinder, in consequence of which the trimmed segment of the grinding wheel is registerable with the finished bottom of the shaft. This is no doubt ingenious, but it reads upon the claim, and such ingenuity, in my judgment, must defeat itself where it is clear as it is here that the teaching of the patent has been adopted. The same may be said of the relation of this practice to the claims of the third patent in suit. By using more than one grinding wheel, and by means of undercuts at the base of the splines, the defendant sought to avoid the claims of the method patent. Something similar was done by the Reo. It was there held insufficient to avoid infringement, and the defendant's second practice is here also so held.

Defendant, in its third practice, departs rather sharply from its first and second practices. The sides of the splines are coin pressed instead of being ground. It grinds only a flat surface in each groove between the splines. It is claimed that this practice infringes the first patent because the trimming of the grinding wheel is performed on the same machine. I do not think that this comes within the claims of the patent. It has been suggested that the practice degraded the defendant's product. It was not long continued. If this be so, it demonstrates as clearly as anything else the value of the teachings of the patent, and the results of departing from them. As to the second patent in suit, it is not claimed that the defendant's third practice infringes upon it. I am of the opinion, however, that this practice infringes the third patent. Stock is left for grinding throughout the length of the splined portion, and the grinding is done with a formed wheel bearing faces on the bottoms of the grooves throughout their length and symmetrically with reference to the axis of the shaft. The flatness of the ground portion and the undercuts at the sides of the grooves cannot avoid infringement.

In its fourth practice the defendant again returns to the grinding operations upon the sides of the splines. The sides are ground with a pair of straddle wheels, which are trimmed by a trimmer mounted on the grinding machine. A flat surface is ground throughout the length of the groove. Following the Reo decision, and the finding of infringement by the Reo's fourth practice, I am of the opinion that this practice of the defendant infringes the first and third patents in suit. There is no claim of infringement with respect to the second patent.

In its fifth practice, the defendant returns to concave grinding at the bottom of the splined grooves, with straddle grinding of the sides of the splines. The effort here to avoid infringement of the first patent consists of mounting the trimming diamond on a standard separate from the grinding machine, and trimming the wheels thereon without disturbing the organized relation of the grinding wheels to each other and to the work. Without entering into the discussion of units and subunits carried on by the experts, it seems to me to be clear that claims 3 and 5 of the first patent in suit are infringed. It is true that in the Studebaker Case the single grinding wheel was dismounted from the spindle itself and then trimmed on a separate trimming machine and then remounted on the spindle of the grinding machine, and that that practice was held in the Studebaker case not to infringe. Here, however, the teaching of the patent was followed, but with the obvious effort to bring it within the Studebaker decision. The wheels were not dismounted, but the spindle itself removed from the grinding machine in order that the wheels might be trimmed. In mounting it upon the trimming machine, the spindle was placed in exact relationship to the trimming mechanism as though that mechanism had been mounted upon the grinding machine. The unity of organization was not, therefore, destroyed, as it was in the Studebaker practice. For the same reason, I believe that the fifth practice infringes also the second patent in suit, and likewise that the method patent is infringed by this practice.

The defendant in its sixth and present practice grinds the sides of the splines by straddle wheels, but does no grinding at all within the grooves of the shaft, substituting therefor a cylindrical grinding of the outer diameters of the splines. I am of the opinion that this practice does not infringe upon any

of the claims of the first patent in suit, and it is not claimed that it infringes either the second or third patents.

A decree may be entered in favor of the plaintiff in conformity with this opinion. The stipulation as to certain agreed facts now in the record, and the findings incorporated in this opinion, are perhaps sufficient to comply with the equity rule in regard to fact findings. If counsel, however, desire further specific findings of fact, the court will consider such proposed findings of fact as may be submitted to it by either side.