COLUMBIA LENS CO. et al. v. L. E. SMITH GLASS CO.

(Circuit Court of Appeals, Third Circuit. June 29, 1925.)

No. 3215.

Patents ⊛ 328 — 1,345,073, for automobile headlight lens, held not to involve invention.

Clark patent, No. 1,345,073, for automobile headlight lens having horizontal prisms for refracting light downward on one surface, and vertical cylinders for spreading light laterally on other surface, *held* not to involve invention.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Suit by the Columbia Lens Company and another against the L. E. Smith Glass Company. Decree for defendant, and plaintiffs appeal. Affirmed.

Winter, Brown & Critchlow and Frederick W. Winter, all of Pittsburgh, Pa., for appellants.

Marshall A. Christy, of Pittsburgh, Pa. (Arthur O. Fording, of Pittsburgh, Pa., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court holding United States letters patent No. 1,345,073, issued to Emerson L. Clark on June 29, 1920, valid, but not infringed.

The object of the patent was to improve the distribution of projected light by means of a lens or headlight in motor vehicles. This alleged invention consists in the superimposition of two old elements in a lens for an automobile headlight. This lens has "formed on its surface, downwardly refracting structure as prismatic elements, and laterally refracting structure, as prismatic or cylindrical spreading elements." In other words, this lens has on one surface horizontal prisms for refracting the light downwardly, and on the other vertical cylinders for spreading the light laterally. These two elements are placed "in optical superposition to act jointly on a selected portion of the projecting beam." The patentee said:

"The action of each one of the elements that I employ in the glass formation—that is to say, downwardly refracting prismatic elements and laterally spreading prismatic or cylindrical elements is well known in the art; but it is the combination of these parts, as herein set forth, that produces the desired

6 F.(2d)—7

result under the conditions imposed by automobile headlight construction and use, and which constitutes my invention."

In other words, the invention consists in combining these two old elements, one upon the other, and applying them to a lens in motor vehicles for road illumination. Clark divided the light-modifying portions of his lens, the "downward refractors" and the "laterally spreading refractors," into areas or zones having different refracting values, so as to deflect downwardly and diffuse laterally "by different amounts the portions of the beam traversing the several strips" or refracting areas. He associated "together in the top zone horizontal prisms of the least downwardly deflecting power, and vertical cylinder surfaces of the least laterally spreading power, and in the bottom zone horizontal prisms of the greatest deflecting power and vertical cylindrical surfaces of the greatest laterally spreading power." "In this way," he says, "the light striking the ground nearest the lamp is given the greatest angular spread, with greatest consequent decrease in intensity, the light striking the ground fartherest from the lamp is given the least angular spread, or maintained with greatest concentration, for preservation of relatively great intensity, and the light striking between, has a graded spread according to its depression and lateral distributive dispersion."

All this is but the application and modification of the two old elements disclosed in the patent No. 637,145, issued November 14, 1899, to Moffat and Dobbins, and in our opinion did not constitute invention, but required only mechanical skill of one acquainted with the art. In describing their invention Moffat and Dobbins said:

"Our improved light-projecting glass has upon one side parallel prism bars 1, and upon opposite side parallel lens bars 2, disposed substantially at a right angle in respect to the prism bars."

In speaking of the passage of light through the glass, they further said:

"Its light will be enlarged and greater diffusion of the light effected, so as to materially increase the area to which light is supplied by the glass. ° * ° The purpose of such lens bars is to materially increase the effective area of the source from which the glass derives its illumination, lateral rays being caught and transmitted by the convex surface of the lens bars, which would be lost by reflection from a flat surface or from a glass presenting a considerable area of flat surface on the light-receiving side. * * * The

lens bars also serve to cause lateral diffusion of the light projected by the glass and thereby accordingly increase the area which can be effectively illuminated."

The "green vizor" lens recently considered by us, contained the two elements disclosed in the Moffat and Dobbins and the Clark lenses. Macbeth-Evans Glass Co. v. L. E. Smith Glass Co. (C. C. A.) 284 F. 193. But we had in that case an additional element, the green vizor or hood. We said of this third element:

"The vizor serves a twofold purpose: It, being substantially opaque, prevents the light from passing through it, except just enough to give a pleasing appearance, and, being green on the outside and covered on the inside with white enamel, reflects the light which strikes it from the source of illumination backwardly upon the main reflector, which in turn sends it outwardly for road illumination. In this way the wasted and objectionable rays of light which ordinarily pass through the upper part of an automobile lens are saved and used for road illumination. These three separate optical elements, combined for the first time in one headlight, for road illumination, are old. The question for our determination is whether or not they have been united into a patentable combination."

The opaque character preventing the passage of light through the vizor and the white enamel on the inside reflecting the light backwardly distinguish this vizor from the Slonaker vizor. Of the three elements in the "green vizor" lens we said:

."In the field of illumination there is not a mere aggregate of several results, each the complete result of one of the combined elements; but, as the testimony shows and as we observed in the demonstration at the hearing, there is a single, unitary whole, the result of the combined operation of all the elements— a result never before produced in any combination."

In that case we held that the combination of these three elements constituted invention. We there referred to the Moffat and Dobbins patent and said: "Refraction and diffusion are accomplished by this lens." If the vizor were eliminated from the "green vizor" lens, there would be left substantially the Moffat and Dobbins and the Clark lenses. Moffat and Dobbins produced in a window downward and lateral refraction by combining "prism bars" and "lens bars" disposed at right angles to each other. Clark did practically the same thing by transferring the glass from a window to an automobile head-

light. We do not think this constituted invention. Any optical engineer, acquainted with the art and the principles of optics disclosed in the Moffat and Dobbins patent, would have no difficulty in adopting, modifying, and applying these principles to automobile lenses for road illumination which became a vital question with the advent of motor vehicles.

The learned District Judge seemed to have this idea, but apparently thought that our opinion in the case of Macbeth-Evans Glass Co. v. L. E. Smith Glass Company, supra, forced a different conclusion. However, he dismissed the bill on another ground.

That action was proper, and the decree is affirmed.