**MICHIGAN CARTON CO. v. SUTHERLAND PAPER CO. et al.**

**SUTHERLAND PAPER CO. et al. v. MICHIGAN CARTON CO. (two cases).**

Circuit Court of Appeals, Sixth Circuit. November 10, 1928.

Nos. 4956–4958.

For opinions below, see 13 F.(2d) 884; 14 F.(2d) 700.

Otis A. Earl, of Kalamazoo, Mich. (Howard M. Cox, Ballard Moore, and Cheever & Cox, all of Chicago, Ill., on the brief), for plaintiffs.

George A. Rockwell, of Boston, Mass., and Chappell & Earl, of Kalamazoo, Mich., for defendant.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. This suit was brought by the Sutherland Paper Company, of Kalamazoo, Mich., and the Menasha Printing & Carton Company, of Menasha, Wis., against the Michigan Carton Company, of Battle Creek, Mich., for the alleged infringement of United States patents No. 1,316,120, September 16, 1919, and No. 1,359,546, November 23, 1920, on machine for and method of sealing cartons, both granted to Fred W. Sutherland and by him assigned one-half to each of the plaintiffs.[1]

The machine claims in suit are No. 10 of the first patent (No. 1,316,120) and Nos. 10 and 11 of the second patent (No. 1,359,546). The method claims in suit are No. 13 of the first patent and No. 12 of the second patent. The District Court held the three machine claims not infringed, and method claim No. 13 (first patent) invalid, and method claim No. 12 (second patent) valid and infringed, and on July 21, 1926 [13 F.(2d) 884], entered interlocutory decree accordingly, including reference to master for accounting and a provision for perpetual injunction restraining infringement of claim 12 (second patent).

Later, plaintiffs filed in the Patent Office a partial disclaimer of claim 13, and thereupon petitioned the District Court for leave to amend their bill of complaint by alleging such disclaimer, and for a hearing upon that claim as modified or restricted by the dis-

---

[1] In the earlier patent the word "waxed" appears before "cartons."

claimer. The petition was denied. 14 F. (2d) 700. All parties have appealed from the interlocutory decree, and plaintiffs have appealed also from the subsequent denial of their petition for amendment of bill and rehearing.

Defendant questions the jurisdiction of this court over plaintiffs' appeal, especially because not taken within 30 days from the time of the decree, as provided by section 129 of the Judicial Code (28 USCA § 227). The interlocutory decree appealed from was entered July 21, 1926. Before time for appeal elapsed, viz. on August 16, 1926, plaintiffs' petition to amend by alleging the disclaimer above referred to and for rehearing was presented. The petition was denied September 20, 1926. Within 30 days thereafter, viz. on October 16, 1926, plaintiffs, by a single proceeding, appealed from the original decree, as well as from the denial of the proposed amendment. We think the appeal was taken in time, and that the appeal from the decree carried with it jurisdiction to review the denial of motion to amend and rehear, set up in the petition for appeal and assigned as error. Moreover, apparently from abundant caution, plaintiffs, on March 30, 1927, took also an appeal on both branches of the case under the Act of February 28, 1927 (44 U. S. Stat. c. 228 [28 USCA § 227a]), amending section 129 of the Judicial Code, by allowing an appeal in patent infringement suits "final except for the ordering of an accounting" (as was the case here) within 30 days from the entry of the decree or from the date of the amendment referred to. That appeal seems to fall within the language of the act.

*The Merits.* In the manufacture of paraffine coated pasteboard cartons, specially available for holding and distributing certain articles of food, such as butter and ice cream, and excluding such contents from contact with dirt, odors, and impurities in the air, and to some extent from contact with the air itself, it is necessary, when a glossy surface is desired, to dip the cartons into a bath of hot paraffine, whereby no unparaffined margin is left at the surface edges, which are required to be joined together in the folding of the carton blank, and to secure the most effective results it becomes necessary to dewax these surface edges by applying a melting heat thereto. By the first patent in suit the heat is applied by steam jets directed against the surface edges of the carton which are to receive the glue, as well as the surface edges to be lapped thereon. This result is accomplished by carrying the cartons along so that the edges to be dewaxed project from the edges of the conveyor belts, and so alone receive the heat. The dewaxing method of the second patent differs from that of the first in no way important here, except that the heat is applied to the margins by the use of hot plates, instead of steam jets.

The machine claims in suit read as follows:

First patent: "10. In a machine for sealing waxed cartons the combination of a carton conveying means, means for heating the surfaces adapted to be glued together, removing or driving off of a substantial portion of the wax thereon, and means for applying glue and folding the carton."

Second patent: "10. In a machine for sealing waxed cartons, the combination of a carton conveying means, means for heating the surfaces to be glued together to soften the wax, comprising heating plates across which such portions of cartons are carried, and means for applying the glue and folding the cartons."

Second patent: "11. In a machine for sealing waxed cartons, the combination of a carton conveying means, means for removing or driving off a substantial portion of the wax from the surfaces to be glued together, comprising heating plates with which such surfaces are brought into contact, and means for applying the glue and folding the cartons."

The device of these claims is a single machine, mechanically operated throughout, which successively dewaxes the cartons, applies the glue, folds the cartons, brings the glued edges together, and so holds them until the glue is set.

The District Judge held, and we think rightly, that neither of these claims is infringed by defendant, which dewaxes the cartons in a given room by one machine, keeping therein on hand a large quantity of such dewaxed products until ready to complete the work of manufacturing the same, when they are, by truck, manually removed to another room, where, on another entirely distinct machine, they are glued, folded, and fastened together, the operations on the two machines not being necessarily even closely consecutive. We agree with the District Judge that "the work of removing the paraffine is an entirely separate operation, so far as mechanics are concerned, from the operation of applying the glue and bringing the parts together so that the glue will set. * * * The wax might be removed in one

city on one day and the gluing might be performed in another city many months thereafter without interfering in any way with the actual mechanical result."

Defendant thus does not employ "a machine" which responds to the claims in question, for successive mechanical operations. The most which can be said is that defendant has two machines, the use of which, the one before, the other after, and by the aid of an intervening manual trucking operation, accomplishes the work of the single machine of the patent claims we are considering, which are for "a machine," and not for a process. Other considerations aside, and even were the combined effect of defendant's two machines otherwise the equivalent of that of the device of the claims in question, it seems enough to say that defendant's manual trucking of the dewaxed cartons to the gluing and folding machine located in another room is not the equivalent of plaintiffs' mechanical delivery of the carton from the dewaxing mechanism to the gluing and folding mechanism of its machine. Brown v. Davis, 116 U. S. 237, 249, 6 S. Ct. 379, 29 L. Ed. 659; Republic, etc., Co. v. Youngstown, etc., Co. (C. C. A. 6) 272 F. 386, 392; Gear Grinding Machine Co. v. Studebaker Corp. (C. C. A. 6) 270 F. 934, 936.

Claim 12 of the second patent reads:

"12. The method of sealing waxed cartons consisting of removing or driving off a substantial portion of the wax from the surfaces to be glued together by contacting with heating plates, applying glue thereto, and pressing such surfaces together."

We agree with the District Judge that this claim is not anticipated, and that it is not rendered invalid by anything in the prior art. The use of heating plates for dewaxing the *entire surfaces* to be glued together was new.[2] The prior art discloses nothing reasonably equivalent. The nearest approach was the Ashland process by which the lower edges of the cartons were made to stand substantially in a perpendicular upon a heating plate, whereby only the extreme outer edges would be completely dewaxed, while from the remainder of the margins to be joined the wax was not removed sufficiently to enable a satisfactory gluing. Sutherland's device marked a very substantial advance in the art. Its superior utility is not open to question. It has been favorably received by the public. Nor are we impressed by defendant's contention that the claim is void, as dis-

[2] All italics in this opinion ours unless otherwise stated therein.

tinguishable from the prior art process, only by including a "special form or arrangement of implement or apparatus." The cases cited by defendant do not, in our opinion, sustain this contention as applied to the claim we are considering, which does not call for a special form or arrangement of implement or apparatus, but merely for a process of putting the (entire) surfaces to be glued in contact with heating plates, as distinguished from the Ashland process of bringing the extreme edges only of such surfaces in actual contact with such plates, and from original claim 13 of the first patent, which calls for "heating the surfaces," and from claim 13 as affected by the disclaimer, which calls for a "heating medium."

The claim has nothing to do with "implement" or "apparatus" for bringing the plates into contact with the surfaces to be glued. This particular process could be performed by hand or by different mechanisms than those disclosed by the machine claims. The disclosure is sufficient to enable any one skilled in the art to practice the process. It thus cannot be said that the claim involves "nothing more than the operation of a piece of mechanism, or, in other words, for the function of a machine." The applicable rule is that, while a mere function or effect of the operation of a machine cannot be the subject-matter of a patent, a method of doing a thing so clearly indicated that those skilled in the art can avail themselves of mechanism to carry it into operation can be the subject of a patent. American Lava Co. v. Steward (C. C. A. 6) 155 F. 731, 738; Expanded Metal Co. v. General Fireproofing Co. (C. C. A. 6) 164 F. 849, 853; Id., 214 U. S. 366, 383, 375, 29 S. Ct. 652, 53 L. Ed. 1034, affirming the decision of this court in the previously cited case. See, also, Buffalo Forge Co. v. City of Buffalo (C. C. A. 2) 255 F. 83, 86.

Nor do we think the validity of the claim destroyed by the disclosure through prior patents of processes for applying heating plates to the marginal edges of paraffined paper, not to dewax, but only to melt or soften the wax, sufficiently to enable the sticking of the margins together without gluing, and by the mere tensile force of the wax itself—a treatment not adapted to the effective fastening together of heavy pasteboard cartons. The claim in question is not merely for process for heating certain carton margins, but is a combination claim covering, not only dewaxing, but also gluing and pressing together. And a combination claim may

be good, even if every element of it is old in the art, provided it accomplishes a better result, or the same result in a materially better way, as we think is the case with the claim we are considering. Expanded Metal Co. v. Bradford, 214 U. S. 366, 381, 29 S. Ct. 652, 53 L. Ed. 1034; Ohio, etc., Co. v. Bucher, etc., Co. (C. C. A. 6) 266 F. 891, 894.

 We think the claim in question clearly infringed. As applied to this process claim, the fact that defendant uses two machines instead of one does not avoid infringement. The claim does not necessarily call for mechanical processes throughout, much less for a continuous process. Nor is infringement avoided by the fact that defendant not only uses a heating plate for dewaxing the margins, but, in order to maintain the gloss, so far as dulled by the heating of the surface to be glued, also plunges the carton, after dewaxing, into a bath of cold water. It is not, in our view, important that high-gloss work is not produced at high speed, unless some cooling agent is used. To say the least, defendant uses the process of the patent claim. It does not avoid infringement by doing something in addition.

 As issued, claim 13 of the first patent reads:

"13. The method of sealing waxed cartons consisting of heating the surfaces to be glued together, removing a substantial portion of the wax, applying glue thereto, and pressing such surfaces together."

The claim having been held by the District Court invalid in view of the prior art, plaintiff filed in the Patent Office a disclaimer of so much thereof as is in excess of the following:

"The method of sealing waxed cartons consisting of heating the surfaces to be glued together by direct application of the heating medium to the whole of each of said surfaces to be glued, removing a substantial portion of the wax from the heated surfaces, applying glue thereto and pressing such surfaces together."

The District Court's denial of motion to amend the bill and for rehearing was based on the ground that it would be inequitable to hold the defendant guilty of infringing the claim in its changed form by reason of acts committed before the claim had been so changed, especially after such acts had been held to be noninfringing.

We think this action was erroneous. So far as substantial relief is concerned, disclaimer before suit is begun affects, necessarily, only the costs in the court below. Until the claim was actually held invalid plaintiff was not bound to disclaim as to features of the patent it was contending were valid, and there was thus no unreasonable delay in filing the disclaimer after the proof of the prior Ashland practice and until the claim was held invalid against plaintiffs' contention. A disclaimer having been made before appeal to this court, we cannot review the decision upon the original claim. Attention is called to the per curiam decision of this court on petition for rehearing in Excelsior, etc., Co. v. Williamson, etc., Co. (C. C. A.) 269 F. at pages 619 and 620, and cases there cited.

 The provision of R. S. § 4917 (35 USCA § 65), that "no such disclaimer shall affect any action pending at the time of its being filed, except so far as may relate to the question of unreasonable neglect or delay in filing it," obviously contemplates that the pending action may proceed in spite of the disclaimer.

We cannot agree that the change worked by the Patent Office proceedings was so radical that, if upheld, it would create substantially a new patent—a reissue—which the Patent Office alone has power to issue. According to the stipulated condensation of Patent Office history, the only changes in the specification and in original claim 13 which we think pertinent here are these:[3] The specification as filed described the improved method of the machine as consisting in the "softening of the greater portion of the wax on the surfaces to be glued together," etc. Claim 13 read: "The method of sealing waxed cartons consisting of heating the surfaces to be glued together to soften the wax, applying glue thereon, and pressing such surfaces together." The examiner reported: "Claims 9–13 are rejected as inaccurate. If the steam merely 'softened' the wax, instead of removing it entirely, the seam would not stay sealed any more than in previous devices. The remaining claims are allowed. The subject-matter of claims 9–13 is allowable. * * * The *specification*, as well as the *claims, should be amended* to show that the steam removes, at least, the greater part of the wax along the line to be glued. Without this statement, it is not considered entirely clear; in fact, if it is intended to state that the wax is not removed, the process is considered inoperative."

---

[3] The validity of original claim 13 is not important here, except as it might be thought pertinent to the validity of the claim as affected by the disclaimer.

The patent as issued contained both these amendments.[4] It will thus be seen that the changes, both in the specification and in the claims in question, were made at the suggestion of the examiner, and embodied his understanding of the scope and meaning of the application, as shown by the original proposed specification, in connection with the claims as presented therewith. This fact is not without significance. The rule is that insertions by way of amendment in the description or drawing, or both, of a patent application do not invalidate the patent, if they are only in amplification and explanation of what was already reasonably indicated to be within the invention; and this rule applies with special force where the insertion was required by the Patent Office. General Electric Co. v. Cooper, etc., Co. (C. C. A. 6) 249 F. 61, 64, certiorari denied 246 U. S. 668, 38 S. Ct. 336, 62 L. Ed. 930. And if an inventor comes to better understand the principles of his invention while his application for patent is pending, an amendment of his claim to conform thereto does not introduce any original matter nor enlarge his invention, and is within his legal rights. Cleveland, etc., Co. v. Detroit, etc., Co. (C. C. A. 6) 131 F. 853, 857, et seq.; Proudfit Co. v. Kalamazoo Co. (C. C. A. 6) 230 F. 120, 141; Mich. Central R. Co. v. Consolidated Co. (C. C. A. 6) 67 F. 121, 128; Carnegie Co. v. Cambria Co., 185 U. S. 403, 436, 22 S. Ct. 698, 46 L. Ed. 968; De La Vergne, etc., Co. v. Featherstone, 147 U. S. 209, 229, 13 S. Ct. 283, 37 L. Ed. 138 (foot). Where, as we think the case here, the additions did not bring in vital new matter, no new verification of the amended matter is required. Kelsey Wheel Co. v. Universal Rim Co. (C. C. A. 6) 296 F. 616, 618; Permutit v. Wadham (C. C. A. 6) 13 F.(2d) 454, 458, 459; Diamond, etc., Corporation v. Bayer (C. C. A. 8) 13 F.(2d) 337, 340.

Nor do we think the claim aggregational. To constitute a true combination it is not necessary that all the constituents so enter into the combination as to coact all the time with all the others, or change the mode of connection with every other; but it is sufficient that the elements so coact that as a consequence of their union a new and useful result, and not a mere aggregation of several

results, follows. Ohmer Co. v. Ohmer (C. C. A. 6) 238 F. 182; Egry Co. v. Standard Co. (C. C. A. 6) 267 F. 186, 191. The claim in question is for a method of *sealing* waxed cartons which calls for three steps, viz., dewaxing, gluing and pressing the surfaces together—all of which steps are necessary to an effective sealing. The result is single, not multiple.

We think claim 13, as affected by the disclaimer, not invalid in view of the prior art. We are not impressed by defendant's contention that the claim is not based on the disclosure of the patent because it calls for heating the *entire* of each of the surfaces to be glued, while, as argued, the patent shows that only a small portion thereof is directly acted upon, all the rest being treated by radiation, as in the Ashland process. We do not so understand the disclosure of the patent specifications and drawings.

We think defendant's process, the right to continue which it is asserting, would infringe claim 13 as affected by the disclaimer, for the reasons we have presented supra as to infringement of claim 12 of the second patent.

It follows, we think, from what we have said that plaintiff is entitled to relief with respect to existing claim 13 to the extent of perpetual injunction against infringement. Technically a bill cannot be amended for matter occurring after its filing, but, the situation having been brought about by action of the court in the progress of this cause, we think the question of infringement may be passed upon and the petition to amend treated as a supplementary proceeding.

While the District Court held with defendant as to four of the claims in suit, and with plaintiff only as to claim 12 of the second patent, full costs were awarded to plaintiffs, for the stated reason that little or no additional trouble or expense was caused by including the other four claims in the bill of complaint. This is an equity case, and costs are largely in the discretion of the judge, and we are not prepared to say that the discretion was abused. The award of costs below will not be disturbed.

The decree of the District Court will be modified with respect to claim 13, as affected by the disclaimer, as provided in this opinion, and by omitting the adjudication of invalidity of original claim 13. As so modified, the decree of the District Court will be affirmed. Neither party will recover costs of this court.

---

[4] We see nothing in the applicant's reply announcing desire to amend, the language of the proposed amendments, and the attorney's comments thereon calling for mention.