**N. O. NELSON MFG. CO. v. F. E. MEYERS & BRO. CO.**

Circuit Court of Appeals, Sixth Circuit. January 9, 1929.

No. 4921.

For former opinion, see 25 F.(2d) 659.

John A. Dienner, of Chicago, Ill., for the motion.

H. A. Toulmin, of Dayton, Ohio, opposed.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. The decision of this court, made April 4, 1928, held valid and infringed claim 7 of United States patent No. 1,385,141, and claim 1 of United States patent No. 1,393,306, both issued to P. A. Myers and both relating to the pumping art. The two patents belong to plaintiff-appellee. The two claims are reproduced in the margin.[1]

Defendant-appellant seasonably asked for rehearing for reasons based on the record then existing. We content ourselves with saying that we find no reason to grant rehearing on that basis.

In connection with the rehearing petition, defendant moved that its appeal to this court be dismissed, that the opinion and decision of this court already made be withdrawn and vacated, and the cause remanded to the District Court with directions to reopen the same for additional proofs and for hearing and decision by the trial court upon such additional proofs, in connection with the present record. The prominent basis of this application is the discovery of Australian patent No. 17,-970/15, issued to Saunders November 18, 1915, on "improved reciprocating mechanism for pumps and other appliances," which reference it is claimed anticipates the claims of the Myers patents here involved.

The Saunders patent discloses a self-lubricating power head, of the same general class and for accomplishing the same purposes as the Myers claims in question, that is to say, the operation of the pump head in a true, straight line through the rotation of the driving mechanism. Rotary motion is converted into perpendicular by the use of a crank-pin and extra crank-arm integral to and connected with the driving gear wheel, and a slide block operating in unison therewith. The perpendicular "slide and guide" feature disclosed by the specification and drawing consists of a crossbar carrying at each end thereof a slide reciprocating on a fixed perpendicular guide; the crossbar thus having two guides and two slides. Upon the filing of the petition to reopen, plaintiff, with the concurrence of the patentee, filed in the Patent Office a partial disclaimer as to each of the claims in suit, viz., as to claim 7, by restricting the elements "vertical reciprocating member mounted in the casing" to a single slide on a single guide, and by restricting the element "operated [referring to the reciprocating member] by such shaft and gearing," to include a pitman; and as to claim 1, by restricting the element "vertical guide" to a single guide, by restricting the element "slide mounted on said guide" to a single slide; by restricting the element "means" for connecting said slide to the apparatus to be operated to an arm on one side of the slide; and by restricting the element "operating connection" between the slide and guide mechanism to a pitman.

---

[1] "7. In a pumping apparatus, the combination, with a power head comprising a casing, a power shaft transmitting gears and a vertical reciprocating member mounted in the casing and operated by such shaft and gearing, of a substantially vertical pump head detachably secured to said casing and adapted to support vertical conventional pumping mechanism including a vertical piston rod connectible to said vertical reciprocating mechanism."

"1. In a power head, the combination, with a casing adapted to contain a quantity of lubricant, rotatable operating mechanism therein, and a vertical guide within the casing, of a slide mounted on said guide, adapted to reciprocate and having means for connection with an apparatus to be operated thereby, and an operating connection between said slide and the rotatable actuating mechanism within the casing."

Plaintiff contends, among other things, that the claims in suit, as affected by the disclaimer, are not anticipated by the Saunders device, and that the latter would be inoperative and commercially impracticable, and no better reference against Myers' claims than certain other references held by this court not to anticipate or render invalid the Myers claims.

Defendant contends that plaintiff's disclaimers were not effective to accomplish the attempted changes in the claims in question, but presented a new and different cause of action, and that the only method of relief in that behalf open to plaintiff was by application for a reissue. We cannot assent to this contention. Cf. Excelsior Steel Furnace Co. v. Williamson Heater Co. (C. C. A. 6) 269 F. 614, 619, et seq.; also Michigan Carton Co. v. Sutherland Paper Co. (C. C. A. 6) 29 F.(2d) 179, decided November 7, 1928. The specifications of the two Myers patents were in complete harmony with the claims as affected by the disclaimers. No change of specification was made or needed. The disclaimer was not a confession of anticipation in the absence of disclaimer. Permutit v. Wadham (C. C. A. 6) 13 F.(2d) 454, 457. As in the Permutit Case, the disclaimers operated to limit the claims, not by the inclusion of a new element, but by the exclusion of part of the field of equivalency which the original claim language might have included. We think the disclaimer must be accepted as effective.

However, the claims having been modified since our decision was made, the adjudication of the validity and infringement of the original claims before disclaimer should be omitted from the decision of the District Court. Cf. Michigan Carton Co. v. Sutherland Paper Co., supra. The disclaimers having effected a modification of both claims in question, the issue of their validity and infringement as so modified must be determined, and without reference to the question of diligence in discovering and presenting the Saunders patent—although we think a sufficient showing of diligence is made. The District Court not having had opportunity to consider the question of the validity and infringement of the claims in suit as modified by the disclaimers, the case should be opened and sent back to that court, with directions to consider and determine those questions (in the light of the conclusions of this court above announced) upon the evidence heretofore taken in connection with such further evidence as the parties, either or both, may see fit to introduce upon those questions.