## N. O. NELSON MFG. CO. v. F. E. MYERS & BRO. CO.
### No. 5776.

Circuit Court of Appeals, Sixth Circuit.

Feb. 2, 1932.

Rehearing Denied April 13, 1932.

John L. Jackson and John A. Dienner, both of Chicago, Ill., for appellant.

H. A. Toulmin, of Dayton, Ohio (H. A. Toulmin, Jr., of Dayton, Ohio, and Ross A. Mathews, of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

Following the decision of this court on the first appeal of this case [25 F.(2d) 659] the appellant filed a petition for rehearing, and made a motion, based on an Australian patent to Saunders, No. 17,970/15, dated November 18, 1915, to vacate the decision and remand the cause to the district court for a hearing and decision upon such additional proofs as might be offered. Before the motion was passed upon, appellee filed in the Patent Office formal disclaimers as to the two claims which had been sustained by the court in its opinion. This being brought to the attention of the court, the petition for rehearing was denied and the cause remanded to the district court, with direction to reopen it and consider and determine the validity and infringement of the claims as affected by the disclaimers. 29 F.(2d) 968. Pursuant to this order, the lower court reopened the cause and referred it to a master to hear the evidence and report his conclusions of law and fact on the issues ordered to be determined. After proofs were heard the master filed a report sustaining both claims as limited by the disclaimers and finding infringement. Appellant filed exceptions to the findings and conclusions of the master, and on the same day moved to dismiss the bill on the ground that there was no evidence of the commission after the filing of the disclaimers of any act of infringement. The District Court denied the motion to dismiss, overruled the exceptions to the master's findings, and entered a decree in accordance with the report, from which this is an appeal.

The motion to dismiss was based upon the proposition, advanced in argument here, that original claims 7 and 1 were, not only admitted to be invalid by appellee when it filed its disclaimers, but were shown to be so by the new references. Upon that basis it is contended that the bill should have been dismissed by the lower court because the infringing acts relied upon were committed before the filing of the disclaimers. We cannot agree that Dunbar v. Meyers, 94 U. S. 187, 24 L. Ed. 34, the Packing Company Cases, 105 U. S. 566, 26 L. Ed. 1172, and Collins Co. v. Coes, 130 U. S. 56, 9 S. Ct. 514, 32 L. Ed. 858, require the conclusion

that the filing of the disclaimers was a confession that the original claims were invalid for anticipation. See Permutit Co. v. Wadham, 13 F.(2d) 454, 455 (6 C. C. A.), not reversed on this point in Permutit Co. v. Graver Corp., 52 S. Ct. 53, 76 L. Ed. ——. Nor in our opinion is it necessary to consider on this appeal whether original claims 7 and 1 are or are not infringed by the appellant's device. In passing on the motion to remand, we expressly held that the disclaimers did not present a new and different cause of action, but were "in complete harmony" with the specifications, and "operated to limit the claims, not by the inclusion of a new element, but by the exclusion of part of the field of equivalency which the original claim language might have included." The case was accordingly remanded to the District Court for a determination of the "validity and infringement of the claims in suit as modified by the disclaimers."

The statute (USCA, title 35, § 65) provides that whenever, through inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, a patentee has claimed more than that of which he was the original or first inventor or discoverer, "his patent shall be valid for all that part which is truly and justly his own," provided it is a material or substantial part of the things patented; and it gives the patentee the right to make disclaimer of such part of the thing patented as he shall not choose to claim or hold, providing that "no such disclaimer shall affect any action pending at the time of its being filed, except so far as may relate to the question of unreasonable neglect or delay in filing it [the disclaimer]." Under this statute these disclaimers, upon being allowed, related back to and were effective as of the date of the issue of the patent. Dunbar v. Meyers, supra, page 194 of 94 U. S., 24 L. Ed. 34; Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403, 435, 436, 22 S. Ct. 698, 46 L. Ed. 968; Schwarzwalder et al. v. New York Filter Co. (C. C. A.) 66 F. 152. Being in harmony with the patent disclosures, as was held on the motion to remand, it would seem logically to follow that they must be regarded as part of the patent at the time of the commission of the acts alleged to infringe. See Marconi Wireless T. Co. v. De Forest Radio T. & T. Co. (C. C. A.) 243 F. 560, 565; Excelsior Steel Furnace Co. v. Williamson Heater Co., 269 F. 614, 619, 620 (6 C. C. A.); Metropolitan Device Corporation v. Cleveland E. Illuminating Co., 36 F.(2d) pages 477, 478, 479 (6 C. C. A.). It results that the only advantage the appellant can derive from the filing of the disclaimers after instead of before suit is that under title 35, § 71, USCA, no costs can be recovered against it in the District Court. The questions for decision, therefore, are whether the claims as limited by the disclaimers are valid, and, if so, whether the acts complained of amounted to infringement.

Claim 7 of patent 1,385,141 as limited by disclaimer is set out in the margin.[1] On the former appeal this court sustained the original claim and held it infringed by appellant's device. We do not deem it necessary to discuss the many references cited against the claim on that hearing, some of which were referred to by the court in its opinion. It suffices that those thought at the time to be closest were distinguished, and none of them was found to disclose "a pump head detachably secured to said [power head] casing." On the hearing before the master, counsel for appellee objected to the cross-examination of one of the witnesses as to that feature of the claim upon the ground that "it is not now involved" in the two claims in issue. It is said by appellant that this statement of counsel was an abandonment of that feature of the claim. But the court had already determined the importance of its relation to the claim here in issue, and the disclaimers left it in the claim. In view of those facts, we cannot give to the statement made before the master the effect contended for appellant. The more reasonable view would be that counsel regarded the pertinency of the element as a matter already adjudicated and determined. We consider the claim, therefore, in the light of what it calls for, and we see no reason to change our view, as expressed in the original opinion, as to the effect of this element in the combination. It is lacking in both the Saunders patent and the Australian patent to Bryan, 7724/18, June 19, 1918. The Saunders patent has a water pipe which fits in and extends through a collar or ring cast integral with or permanently connected to the casing of the power head. In Bryan there is a vertical tube in

[1] "In a pumping apparatus the combination with a power head comprising a casing, a power shaft, transmitting gears and a vertical reciprocating member comprising a single slide mounted on a single guide, mounted in the casing and operated by such shaft and gearing including a pitman, of a substantially vertical pump head detachably secured to said casing and adapted to support vertical conventional pumping mechanism, including a vertical piston rod connectible to said vertical reciprocating mechanism."

which the pump rod reciprocates. This tube is carried by the wind-mill table and extends upwardly therefrom and is inclosed by projections integral with the casing. The casing with the projections rotate over the table as the wind wheel veers. In neither of these devices can the pump head, if the vertical water pipe or tube can be so denominated, be detached from the power head except by lifting the power head above the top of the tube. Neither in our opinion is the equivalent of the substantially vertical pump head detachably secured to the casing called for in claim 7.

■ Claim 1 of patent 1,393,306 after disclaimer calls for a single vertical guide within the casing with "a single slide mounted on said guide, adapted to reciprocate and having an arm on one side of the slide for connection with an apparatus to be operated thereby." This claim does not mention a pump head detachably secured to the power head casing called for in claim 7 of patent 1,385,141; and while claim 7 calls for a vertical reciprocating member comprising a single slide mounted on a single guide, it nowhere calls for a vertical guide or an arm on one side of the slide for connection with the pump rod. In view of these differences in the two combinations, we find no basis for the contention that the issuing of patents on these two copending applications was double patenting. Scaife & Sons Co. v. Falls City Woolen Mills, 209 F. 210 (6 C. C. A.); Farrington v. Haywood, 35 F.(2d) 628 (6 C. C. A.).

■ The Saunders construction comprises an oil-containing power head casing within which there are two vertical guides, or, as designated in the specifications, "dual guide bars," substantially as far apart as the lateral dimensions of the casing. Upon these guides are slides rigidly connected by a crossbar. The slides are also connected by a guide rod upon which there is a slide block connected to a drive gear. The slide block reciprocates horizontally along the slide rod and in conjunction with the crossbar serves as a medium for converting rotary into reciprocating motion. It thus appears that Saunders uses two vertical guides and two slides operating thereon with a horizontal slide and guide. The proof for appellee tends to show that Saunders is inoperative because the angle of the application of power at certain points results in a binding of the slides on the vertical guides. There seems to us to be much force in this view of Saunders, to which there may be added, as confirmatory, the fact that

it is not shown that any such device was ever sold or in fact built.

The Bryan patent relates primarily to windmill mechanisms. It consists of an oil-containing casing, the base of which is a "small horizontal sectional area." In this base area there is a slide block to which there is connected a pitman jointed at its top to a gear wheel. There is also connected to the slide block a long lifting bar. The upper end of this lifting bar carries a block to which a pump rod is attached. Power is transmitted from the gear wheel through the pitman to the slide block which, as it reciprocates, produces like motion in the lifting bar, which motion is transmitted to the pump rod through the block connecting the two at their upper ends near the top of the casing. A guideway is formed for the slide block by ribs, four in number, projecting from the walls of the casement base. The lifting rod is partially guided by "two vertical flanges," but has no support or guide for a distance of about one-third of the length of the casing. There are thus two distinct systems or partial systems of guides in this structure, one for the slide block consisting of four ribs projecting interiorly from the walls of the casement and the other for the lifting rod consisting of two vertical flanges. These flanges, however, form a guide for only a part of the distance which the lifting bar moves, leaving the bar during the unguided part of the movement without lateral support. The evidence tends to prove, and we cannot doubt it is so, that, where the weight on the pump rod is heavy, the upper end of the lifting bar will buckle in its upward movement. This tendency to buckle would seem necessarily to result from the angle at which the weight is carried by the bar, through a crossbar at its upper end to which is attached the pump rod carrying the weight. The structure lacks both the simplicity and efficiency of the Myers device.

It is quite true that the elements of the Myers patent, 1,393,306, including the means of converting rotary motion into reciprocal motion, are old; and yet this court thought on the former hearing that the single slide mounted on a single vertical guide, as combined with the other elements of the construction, constituted a patentable combination. Consideration was given at that time, too, to the favor with which the public had received the device. Upon a reconsideration of the question in the light of Saunders and Bryan, we adhere to the view then express-

ed. While the range of equivalency to which the patent is entitled is not wide, it is clear that it covers the appellant's device.

The decree is affirmed, but the appellee will not recover its costs in the District Court.