## WOOD v. PEERLESS MOTOR CAR CORPORATION et al.

### No. 6503.

Circuit Court of Appeals, Sixth Circuit.

Feb. 11, 1935.

J. F. Oberlin, of Cleveland, Ohio (O. T. Fell and Fay, Oberlin & Fay, all of Cleveland, Ohio, on the brief), for appellant.

Edmund B. Whitcomb, of Toledo, Ohio (Harry O. Ernsberger, of Toledo, Ohio, and McKeehan, Merrick, Arter & Stewart and Kwis, Hudson & Kent, all of Cleveland, Ohio, on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Bill in equity for infringement of Wood patent 1,788,935 for vehicle headlight. The patented device consists of a plain paraboloid reflector, a two-filament lamp, and a prismatic lens.

The dual-filament lamp in combination with a parabolic reflector was old in the art. The rays from the upper filament, located above the focal point, were depressed when reflected from that portion of the reflector in the rear of the focal plane, and produced the passing beam. The lower filament produced the driving beam. However, errant rays were still reflected from the upper and lower portions of the reflector in front of the focal plane, which annoyed oncoming drivers. Appellant claims that the prismatic lens in his device, through the familiar refracting function of prisms, curbs these errant rays by bending them downward.

The District Court held that Claims 1 and 3 of the patent in suit were not infringed, and held Claims 5 and 6 invalid for want of invention. The judgment as to noninfringement was grounded upon the placement of the filaments. In the patented device, the filaments are disclosed in the focal plane respectively above and below the axis of the paraboloid.[1] In appellees' device, one filament is placed above and the other at the focal point of the paraboloid.

The District Court held that the language of Claim 1, reciting that the combination has "two independently usable concentrated filaments located respectively above and below the axis of said reflector in substantially the same vertical line with its focal point," which is repeated in substance in Claim 3, constitutes a limitation of the claim, and that hence no infringement exists. Appellant urges that the position of the filament is descriptive merely, and not an essential of these claims. With this contention we do not agree. The claims as drafted, in the absence of ambiguity, measure the invention. 35 USCA § 33; Bettendorf Co. v. Ohio Steel Foundry Co., 56 F.(2d) 777 (C. C. A. 6). Both claims read upon a device in which the location of the filament is an element, and this is stressed in the specification. Appellant's recognition of the importance of filament placement is also shown by his disclaimer to Claim 6. The inventor's own appraisal of the nature of his invention is of great importance. Directoplate Corp. v. Donaldson Lithographing Co., 51 F.(2d) 199 (C. C. A. 6); Dillon Pulley Co. v. McEachran, 69 F.(2d) 144 (C. C. A. 6); D'Arcy Spring Co. v. Marshall Ventilated Mattress Co., 259 F. 236 (C. C. A. 6).

The main purpose of the device, as stated in the specification, was to provide "the light pattern most desirable to driv-

[1] "1. The combination with a paraboloid reflector and an incandescent lamp having two independently usable concentrated filaments located respectively above and below the axis of said reflector in substantially the same vertical line with its focal point, of a lens having a plurality of level prismatic ribs both above and below the center line of said lens, the bottom face of each rib being substantially perpendicular to the plane of the lens and the upper faces of all of said ribs all slanting in the same direction, the angle of such slant decreasing progressively from the upper and lower margins as they approach the center line of the lens."

"3. The combination with a paraboloid reflector and an incandescent lamp having two independently usable concentrated filaments located respectively above and below the axis of said reflector in the same vertical line with its focal point, of a lens having a comparatively plane portion near each lateral margin, and upright flutes on one face adjacent to its upper and lower margins, combined with a plurality of level downwardly deflecting prisms on its opposite face both above and below its median horizontal portion, said prisms all slanted in the same direction, and progressively decreasing in slope from the upper and lower margins of said lens."

ers." The position of the filament, as shown by the testimony and stated by appellant, vitally affects this result. Since appellees' device did not disclose the same filament placement as appellant's, it did not infringe Claims 1 and 3, and the District Court did not err in so holding. Infringement is not proved unless it appears that the appellees use the entire combination. Dunbar v. Meyers, 94 U. S. 187, at page 201, 24 L. Ed. 34; Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U. S. 399, at page 414, 25 S. Ct. 697, 49 L. Ed. 1100; Directoplate Corp. v. Donaldson Lithographing Co., supra.

■ A more serious question arises as to whether invention was manifested in Claims 5 and 6,[2] as limited by the disclaimer. It is urged that the disclaimer is invalid, but we find no force in this contention. The disclaimer operated to limit the claims not by the inclusion of a new element, but by the exclusion of part of the field of equivalency which the language of the original claims might have included. N. O. Nelson Mfg. Co. v. F. E. Meyers & Bro. Co., 29 F.(2d) 968 (C. C. A. 6).

■ In this connection concessions are made which narrow the field of inquiry. Appellant concedes that prisms had been used in a great variety of ways with single filament headlamps, and that with single filament lamps, windows had been used in lenses. He claims that he has devised a new lens used in an old combination, which performs a new function. He states that his invention consists in using horizontal sets of downwardly bending prisms, strong at the top and bottom and progressively decreasing in angle as the central zone or window is approached, in combination with the zone, containing one or more window portions. Also he states that the window of itself is not the subject of any claim, and really grounds his appeal upon the essential novelty of the graded prisms increasing in power toward the upper and lower margins. He says that this lens, in combination with the paraboloid reflector and the dual-filament lamp, resulted in a novel automobile headlamp insensitive to filament placement, in which adjustments are not necessary.

Appellees' expert testified that no single prior patent contains all the elements of the Wood disclosure. The District Court, we think correctly, found that the lens was the heart of the invention, and that there was no invention in this lens over prior patented lenses.

■ The question of invention is a question of fact, taking into consideration the entire field of the prior art. Condit v. Jackson Corset Co., 35 F.(2d) 4 (C. C. A. 6). The prior art reveals the following:

(1) The Dualite lens was developed by The Macbeth-Evans Glass Company, working in cooperation with employees of The General Electric Company. It was for use in a two-filament lamp, the lower filament to be placed upon the axis of the paraboloid, and it had horizontal prisms of varying strength and vertical flutes. The horizontal prisms did not exhibit the exact progressive gradation from margins to center shown by the patent in suit. The upper series was progressively graded, but in every type of Dualite lens the lower series of prisms contained one next to the bottom

---

[2] "5. A headlight lens for use with an incandescent electric lamp having two independently usable concentrated filaments located upon a vertical line which is perpendicular to the lamp axis, said lens characterized by being formed on one face with a plurality of level horizontal prismatic ribs, all slanted in the same direction, the slant of said ribs being greatest at the top and bottom margins of the lens and decreasing progressively from such top and bottom margins toward the central horizontal zone, and said horizontal prismatic ribs being omitted from at least a portion of the central horizontal zone of said lens."

"6. A lens for the purpose described having at one side of its central zone a series of parallel ribs and on the opposite side of its central zone a second series of parallel ribs, all of said ribs sloping in the same direction and the slope of the ribs increasing with increase of the distance from the lens center in each direction."

DISCLAIMER.

"Therefore disclaims from the scope of claim 6 all lenses excepting those wherein the central zone contains one or more window-portions for the transmission of the distance beam with less deflection of the transmitted light than any other equal area of the lens, and wherein the graduated increase in the slope of the ribs continues substantially all the way to the upper and lower margins of the reflector, and wherein the lens is employed in combination with a parabolic reflector and a lamp-bulb having plural filaments located, one at a level above the reflector axis and another at a lower level than said first filament, said filaments being symmetrically arranged relative to the vertical plane which includes said axis."

prism which exhibited greater angularity than the prism at the margin. The "final" design of the Dualite lens exhibited an upper series of prisms graded from the top downward, and a lower series in which the prism next to the bottom was either of the same or greater strength than that below it.

The filing date of Wood's claim for patent was June 30, 1926. An earlier date was suggested by the interrogatories, but not proved. The Dualite lens was given road and other tests in 1925 at Nela Park, Cleveland, Ohio. An order for 18,000 of these lenses was sent to The Hall Lamp Company, successor to The Macbeth-Evans Glass Company, on July 12, 1926, by The Chrysler Company. With the order was sent a blue print dated June 30, 1926, which shows that the lamp was required to be equipped with dual-light headlamps. This lens, while not a complete anticipation, was in the prior art on Wood's filing date, and must be considered on the question of invention.

(2) The Liberty Lens has no windows, but exhibits two sets of graded prisms and spreading flutes with prisms decreasing in degree from the top toward the center, and increasing from the center toward the bottom in angles as follows: $5\frac{1}{2}°$, $5°$, $4°$, $3°$ (center) $4°$, $5°$, $5\frac{1}{2}°$. It was developed in 1921, and marketed in quantity in 1922, 1923 and subsequently. It was used with a single filament bulb.

(3) The Broughton patent No. 1,689,911 disclosed a lens in combination with a parabolic reflector and a two-filament bulb, the lower filament being upon the axis. In this lens the reflector is tilted $3°$, and this tilt, together with the varying angularity of the prisms, gives the following gradations: $6\frac{1}{2}°$, $4\frac{3}{4}°$, $2°$, $1°$, $6°$, thus disclosing the progression from the margins to the center which is particularly relied upon by appellant. The Broughton patent was applied for on November 10, 1925.

The gradation of prisms so as to accomplish the exact results attained by the use of prisms under the familiar laws of optics would seem to be an application of expected mechanical skill rather than a demonstration of inventive concept.

Upright flutes had previously been used in the art to accomplish lateral diffusion of light. In Columbia Lens Co. v. L. E. Smith Glass Co., 6 F.(2d) 97 (C. C. A. 3), a combination of horizontal prisms for refracting light downward and vertical cylinders for spreading light laterally was held not to constitute invention.

 All that is here shown is a combination of elements old in the art, and combined in an old environment. It was no more than a judicious selection from the devices in the prior art, each designed and utilized to accomplish its individual purpose at a time and in a place where such function is necessary for the operation of the whole. This has been repeatedly held by this court not to constitute invention. Newcomb, David Co., Inc., v. R. C. Mahon Co., 59 F.(2d) 899 (C. C. A. 6); Remington-Rand, Inc., v. Mastercraft Corp., 67 F.(2d) 218 (C. C. A. 6); Fruehauf Trailer Co. v. Highway Trailer Co., 67 F.(2d) 558 (C. C. A. 6).

The decree of the District Court is affirmed.